## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DARRELL PEOPLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-1010-JTM-TJJ |
| ) | |
| WICHITA STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

### **ORDER**

Plaintiff, proceeding *pro se* and *in forma pauperis*,[1] filed this employment discrimination action under Title VII of the Civil Rights Act of 1964.[2] This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4). Plaintiff requests that the Court appoint counsel to represent him in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied without prejudice.

While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no right to appointment of counsel.[3] For employment discrimination cases under Title VII of the Civil Rights Act of 1964, the court may appoint counsel "in such circumstances as the court may deem just."[4]

The Tenth Circuit has identified the following relevant factors for evaluating motions for

---

[1] *See* Order Granting Leave to Proceed In Forma Pauperis (ECF No. 7).

[2] 42 U.S.C. §§ 2000e *et seq*.

[3] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.") (emphasis added).

[4] 42 U.S.C. § 2000e-5(f)(1).

the appointment of counsel in Title VII cases: "(1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel, and (3) meritorious allegations of discrimination."[5] In addition, a fourth factor, "plaintiff's capacity to present the case without counsel" should be considered in close cases as an aid in exercising discretion.[6] The court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel, therefore "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."[7]

A review of the motion reveals that Plaintiff only consulted with <u>one</u> attorney regarding legal representation before filing his motion. The Court therefore finds that Plaintiff has not made an affirmative showing he made reasonable efforts or attempts to secure counsel prior to filing his motion for appointment of counsel. The Court will therefore deny his motion without prejudice. If Plaintiff contacts at least five attorneys and finds he is still unable to obtain legal representation, he may then file a renewed motion seeking appointment of counsel. The renewed motion shall identify the particular attorneys he has contacted.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied without prejudice.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff, who is proceeding pro se.

---

[5] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

[6] *Id.*

[7] *Id.*

Dated in Kansas City, Kansas, this 19th day of January 2018.

*Teresa J. James*

Teresa J. James
U. S. Magistrate Judge