### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DARRELL PEOPLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 18-cv-1010-JTM-TJJ |
| WICHITA STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*,[1] filed this employment discrimination action under Title VII of the Civil Rights Act of 1964.[2] This matter comes before the Court on Plaintiff's renewed Motion for Appointment of Counsel (ECF No. 12).[3] Plaintiff requests that the Court appoint counsel to represent him in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied without prejudice.

While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no right to appointment of counsel.[4] For employment discrimination cases under Title VII of the Civil Rights Act of 1964, the court

---

[1] *See* Order Granting Leave to Proceed In Forma Pauperis (ECF No. 7).

[2] 42 U.S.C. §§ 2000e *et seq*.

[3] Plaintiff's first motion for appointment of counsel was denied without prejudice for failure to make an affirmative showing he made reasonable efforts to secure counsel prior to filing his motion. ECF No. 8.

[4] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.") (emphasis added).

may appoint counsel "in such circumstances as the court may deem just."[5]

The Tenth Circuit has identified the following relevant factors for evaluating motions for the appointment of counsel in Title VII cases: "(1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel, and (3) meritorious allegations of discrimination."[6]  In addition, a fourth factor, "plaintiff's capacity to present the case without counsel" should be considered in close cases as an aid in exercising discretion.[7]   The court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel, therefore "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."[8]

Reviewing Plaintiff's motion under the above-referenced standards, the Court declines to appoint counsel to represent Plaintiff at this time.  Plaintiff has met the first two factors by showing an inability to pay for counsel and that he has made diligent, but unsuccessful, attempts to secure counsel on his own before requesting counsel. However, based upon the sparse allegations set forth by Plaintiff in his complaint and his failure to attach his Notice of Right-to-Sue Letter showing his complaint is timely filed, the Court finds that Plaintiff has not asserted meritorious allegations of

---

[5] 42 U.S.C. § 2000e-5(f)(1).

[6] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

[7] *Id.*

[8] *Id.*

discrimination that warrant the appointment of counsel. The Court therefore declines to appoint counsel for Plaintiff under 42 U.S.C. § 2000e-5(f)(1).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 12) is denied.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff, who is proceeding pro se.

Dated in Kansas City, Kansas, this 16th day of March 2018.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge