# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DARRELL PEOPLES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 18-cv-1010-JTM-TJJ |
| WICHITA STATE UNIVERSITY, | ) ) |
| Defendant. | ) |

## ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*,[1] filed this employment discrimination action under Title VII of the Civil Rights Act of 1964.[2] Plaintiff has filed a Motion to Reconsider (ECF No. 16) the Court's March 16, 2018 Order (ECF No. 15) denying his request for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1). In that Order, the Court found Plaintiff's claims did not have sufficient merit to warrant the appointment of counsel based upon the "sparse allegations set forth by Plaintiff in his complaint and his failure to attach his Notice of Right-to-Sue Letter showing his complaint is timely filed." For the reasons set forth below, Plaintiff's motion is denied.

District of Kansas Rule 7.3(b) permits a party to file a motion seeking reconsideration of a non-dispositive order, such as an order denying appointment of counsel. The motion to reconsider must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[3] A motion to

---

[1] *See* Order Granting Leave to Proceed *In Forma* Pauperis (ECF No. 7).

[2] 42 U.S.C. §§ 2000e *et seq*.

[3] D. Kan. Rule 7.3(b). The Tenth Circuit has adopted the same standard. *See, e.g., Servants of*

reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence.[4] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[5] Whether to grant or deny reconsideration lies within the court's sound discretion.[6] The movant has the burden to show an adequate reason to reconsider the prior order of the court.[7]

In his motion for reconsideration, Plaintiff does not cite or argue any of the enumerated grounds set forth in D. Kan. Rule 7.3(b) for granting reconsideration of a non-dispositive order. He merely attaches copies of his EEOC Right-to-Sue Letter and Kansas Human Rights Commission complaint to his motion. Plaintiff thus appears to be asking the Court to reconsider its earlier order denying his motion for appointment of counsel by providing his right-to-sue letter.

As noted above, asking the Court to consider its order based on evidence previously available, or new arguments or supporting facts that could have been presented originally is not a valid basis for reconsideration. Even if the Court were to consider the documents attached to Plaintiff's motion for reconsideration, they do not change the Court's finding with respect to

---

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 944 (10th Cir. 1995).

[4] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992).

[5] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[6] *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012).

[7] *Id.*

whether Plaintiff has asserted meritorious allegations of discrimination that warrant the appointment of counsel at this time. While the documents show that Plaintiff received a right-to-sue letter, they do not conclusively establish that his complaint was timely filed. The Court also notes that Defendant has filed a motion requesting dismissal of Plaintiff's complaint as untimely filed. The Court therefore declines to reconsider its prior order.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to reconsider (ECF No. 16) is denied.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff, who is proceeding pro se.

Dated in Kansas City, Kansas, this 3rd day of May 2018.

Teresa J. James
U. S. Magistrate Judge