IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARRELL PEOPLES,

    Plaintiff,

v.                                           Case No. 18-1010-JWB

WICHITA STATE UNIVERSITY,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to Respond Out of Time (Docs. 17, 24.) The motions are fully briefed and are ripe for decision. (Docs. 18, 26, 27, 28, 29.) For the reasons stated herein, Defendant's motion to dismiss is TAKEN UNDER ADVISEMENT and Plaintiff's motion to respond out of time is GRANTED.

**I. Background**

Plaintiff, proceeding in forma pauperis, filed a pro se complaint on January 8, 2018, alleging he was wrongfully terminated from his job with Defendant on account of race, sex, age, and disability in violation of Title VII, the Americans with Disabilities Act (ADA), and the Age Discrimination in Employment Act (ADEA). (Doc. 1.) Defendant moves to dismiss the complaint, arguing it was not timely filed within 90 days of Plaintiff's receipt of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). (Doc. 18 at 3-4.) In the alternative, Defendant's motion argues the complaint fails to state a claim upon which relief can be granted. (*Id*. at 6.)

Plaintiff failed to timely respond to the motion to dismiss. On May 17, 2018, Plaintiff filed a Motion to Respond Out of Time (Doc. 24). That motion asserted, among other things, that the right-to-sue letter from the EEOC "was not properly delivered" in that it "was laying on my porch like it fell from my front door on [October] 12, 2017." (Doc. 24 at 2.) Plaintiff contends the right-to-sue letter "was not in my control until [October] 12, 2017 [as] I hadn't seen it (the letter)." (*Id.* at 3-4.) A copy of the EEOC letter attached to Defendant's motion indicated it was mailed October 5, 2017. (Doc. 18-1.) Plaintiff also asserts he was treated unfairly by having a co-worker make sexual harassment allegations against him.

By a text entry order of May 22, 2018, the court stated it would consider Plaintiff's Motion for Leave to Respond Out of Time (Doc. 24) as his response to Defendant's Motion to Dismiss. (Doc. 25.)[1] The court thus effectively granted Plaintiff's motion to respond out of time.[2]

**II. Discussion**

A. <u>90-day Filing Period</u>. A claimant has ninety days from receipt of the EEOC's right to sue letter to file a lawsuit under Title VII, the ADA, or the ADEA. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); *Guevara v. Best. W. Stevens Inn, Inc.*, 78 F. App'x 703, 704, 2003 WL 22407428 (10th Cir. Oct. 22, 2003) (90-day period applicable to Title VII and ADEA claims). "The 90–day period commences upon receipt of the right-to-sue letter, not mailing." *Goldwyn v. Donahoe*, 562 F. App'x 655, 656 (10th Cir. 2014) (citation omitted.); *Million*

---

[1] The same document was accordingly docketed as both a motion (Doc. 24) and a response (Doc. 26).

[2] Under Fed. R. Civ. P. 6(a), the court may for good cause extend the time for filing a response if a party failed to act because of excusable neglect. In considering whether the party has shown excusable neglect, the court considers: "(1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party." *D-J Eng'g, Inc. v. 818 Aviation, Inc.*, No. 14-1033-JWB, 2018 WL 2046829, at *1 (D. Kan. May 2, 2018) (citations omitted). In this instance, no showing of prejudice has been made; the length of the delay was inconsequential; Plaintiff had a motion to appoint counsel pending during the response period; and no evidence of bad faith appears in the record.

*v. Frank,* 47 F.3d 385, 388 n. 5 (10th Cir. 1995) ("[T]his court and others have interpreted the term 'giving of such notice' in § 2000e–5(f)(1) to mean that the time period begins to run upon 'receipt' of the notice by the plaintiff.").

A rebuttable presumption of receipt arises on evidence that a properly addressed piece of mail was placed in the care of the postal service. *Witt v. Roadway Exp.*, 136 F.3d 1424, 1429-30 (10th Cir. 1998). The Supreme Court has established a presumption that a claimant receives a right-to-sue letter three mailing days after the date on the notice. *Barrett v. Rumsfeld*, 158 F.App'x 89, 92, 2005 WL 3196750 (10th Cir. 2005) (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984)). Defendant invokes this presumption to argue that Plaintiff's suit is untimely. But because the term "mailing days" is limited to days where there is regular mail delivery, Sundays and federal holidays are excluded, and Plaintiff's suit was in fact filed within 90 days of his presumed receipt of the EEOC notice. If the notice was mailed on October 5, 2017, it was presumably received by Plaintiff on October 10, 2017, because October 8 was a Sunday and October 9 was the Columbus Day holiday. Ninety days from October 10, 2017, was January 8, 2018, the day Plaintiff filed his complaint. *See Barrett,* 158 F. App'x at 92 (under three mailing-day rule, "[w]e … assume that the notice was mailed on Thursday, May 1, 2003, and received on Tuesday, May 6, 2003."); *Johnson v. Jacksons of Enid, Inc.*, 2010 WL 1757298, *3 (W.D. Okla. Apr. 30, 2010) (Sunday not a "mailing day"). The court therefore rejects Defendant's argument that the complaint was filed outside the 90-day period.

    B. <u>Failure to state a claim for relief</u>. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the

reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. *Archuleta v. Wagner,* 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. *Shero v. City of Grove, Okla.,* 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Beedle v. Wilson,* 422 F.3d 1059, 1063 (10th Cir. 2005). Additionally, when a plaintiff is proceeding pro se, the court construes his pleadings liberally, although the court cannot assume the role of advocate for the pro se party. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's complaint contains almost no factual content. It alleges that Plaintiff was "wrongly terminated for misconduct of policy," alleges "discrimination (race, sex, age, retaliation," lists his birth date, and asserts that Plaintiff was "fired for false accusations by a female coworker." (Doc. 1 at 3.) It elsewhere indicates that Plaintiff has a learning disability and that "I complied and my disability got in the way." (*Id*. at 10.)

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint contains no such facts. The 12(b)(6) standard does not require that a plaintiff establish a prima facie case of discrimination in his complaint, but examining the elements of each alleged cause of action helps to show whether a complaint sets forth a plausible claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). For example, a plaintiff alleging discrimination on account of race or sex can prove a violation of Title VII either through direct or circumstantial evidence that the termination decision was based on these impermissible factors. A plaintiff can make a prima facie case by showing that he is a member of a protected class, that he suffered an adverse employment action, that he was qualified for the position, and that he was treated less favorably

4

than others not in the protect class. *Id*. Plaintiff's complaint sets forth his race, sex, and the fact that he was terminated, but otherwise fails to allege facts showing that the termination occurred under circumstances tending to show discrimination. The complaint is similarly lacking as to Plaintiff's other claims.

Merely claiming that a termination was due to "discrimination" is the type of conclusory allegation that is to be disregarded under *Iqbal*. "Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to [his] termination, are insufficient to survive a motion to dismiss." *Khalik*, 671 F.2d at 1193. The allegations in the complaint do not explain the circumstances of Plaintiff's termination and they are insufficient to plausibly show that Plaintiff was terminated on account of race, sex, age, disability, or in retaliation for engaging in protected activity.

Because it is possible that Plaintiff could overcome these deficiencies by amending his claims, the court will give him an opportunity to file an amended complaint. *See Collier v. AT&T, Inc.*, 2017 WL 4284868, *5 (D. Kan. Sept. 27, 2017) (a pro se litigant bringing suit in forma pauperis is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect).

**IT IS THEREFORE ORDERED** this 20th day of June, 2018, that Plaintiff's Motion For Leave to Respond Out of Time (Doc. 24) is GRANTED. Defendant's Motion to Dismiss (Doc. 17) is TAKEN UNDER ADVISEMENT. Plaintiff is granted until July 9, 2018 to file an amended complaint. If no amended complaint is filed by that date, the court will grant Defendant's pending motion to dismiss, and the action will be dismissed.

       ___s/ John W. Broomes_____
       JOHN W. BROOMES
       UNITED STATES DISTRICT JUDGE