IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARRELL PEOPLES,

    Plaintiff,

v.                                                                             Case No. 18-1010-JWB

WICHITA STATE UNIVERSITY,
and LACEY ROWE,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on motions to dismiss by Defendants (Docs. 17, 38, 44) and Plaintiff's motion for default judgment (Doc. 46.) The motions have been adequately briefed (Docs. 18, 26, 27, 39, 40, 43, 45, 47, 48, 49) and the court is prepared to rule. For the reasons that follow, Defendant Wichita State University's initial Motion to Dismiss (Doc. 17) is DENIED as MOOT; Wichita State's second Motion to Dismiss (Doc. 38) is GRANTED IN PART and DENIED IN PART; Defendant Rowe's Motion to Dismiss (Doc. 44) is GRANTED; and Plaintiff's Motion for Default Judgment (Doc. 46) is DENIED.

**I. Summary of Amended Complaint (Doc. 31.)**

Plaintiff's initial pro se complaint (Doc. 1), liberally construed, alleged that Plaintiff was terminated from a job with Wichita State after a female coworker made false accusations against him. (Doc. 1 at 3.) It asserted - in conclusory fashion - claims for discrimination based on race, sex, age, and retaliation. (*Id.*) The court found the initial complaint failed to state a claim, but allowed Plaintiff to file an amended complaint, which he has now done. The pro se Amended Complaint is not easy to decipher but appears to allege that Plaintiff was wrongfully fired from his job with Wichita State; that his dismissal was based on hearsay allegations of wrongdoing; that

"[i]f there wasn[']t any discrimination in this claim then why was it so easy to fire [him] without the [evidence]"; that "Kansas [sic] State University & Lacey Rowe have created defamation of character claim against me by tarnishing my job history and character"; that Wichita State "defamed the plaintiff by firing him and allowing their thoughts and [opinions]" to be the basis for his firing; and that his termination was "based on color and discriminatory practices…." (Doc. 31 at 1-2.) It further alleged the Kansas Department of Labor determined he was entitled to unemployment benefits because it found "the evidence is insufficient to establish the claimant's conduct was a violation of a duty or obligation reasonably owed the employer as a condition of employment" within the meaning of K.S.A. § 44-706. (*Id.* at 3.)

Plaintiff's response (Doc. 40) to Wichita State's second motion to dismiss and documents attached thereto add some degree of factual support for his claim of racial discrimination. It indicates that Plaintiff is an African-American male and that he was dating a female co-worker who was apparently not African-American. (Doc. 40 at 6-7.) In these materials, Plaintiff asserts that Wichita State terminated him in contravention of its employment policies and procedures because it terminated him without any proof of wrongdoing and without applying a required policy of progressive discipline. (*Id.* at 2-3.)

**II. Wichita State Motion to Dismiss (Doc. 38.)**

Wichita State moves under Fed. R. Civ. P. 12(b)(6) to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. It argues the complaint fails to provide any facts in support of a claim for discrimination such that, even under the liberal standards of pro se pleading, it fails to state a valid claim. (Doc. 39 at 5.) Wichita State also argues that insofar as Plaintiff attempts to assert a defamation claim against it, he fails to allege specific facts to support a claim. (*Id.* at 6.)

2

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in her complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171–72 (10th Cir. 2015) (internal citations omitted). In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support his claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). *See Kelp v. B & B Lumber Co. Inc.*, No. 18-1103-JWB, 2018 WL 3831525, at *1 (D. Kan. Aug. 13, 2018). Additionally, when a plaintiff is proceeding pro se, the court construes his pleadings liberally, although the court cannot assume the role of advocate for the pro se party. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**A. Title VII claim.**

Title VII of the 1964 Civil Rights Act makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... race [or] color...." 42 U.S.C. § 2000e-2(a)(1). As the court noted in its prior order (Doc. 30), a plaintiff can make a prima facie case of discrimination by showing that he is a member of a protected class, that he suffered an adverse employment action, that he was qualified for the position, and that he was treated less

favorably than others not in the protected class. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

The Amended Complaint, like the initial complaint, contains few details about Plaintiff's termination. But Plaintiff's response to the motion to dismiss has added factual allegations that fill in some gaps in the Amended Complaint. The response asserts a factual basis that, if true, could support Plaintiff's claim that the termination was based on race. Specifically, Plaintiff has now spelled out his theory that Wichita State fired him based on an untrue and unsupported claim of sexual harassment or stalking, and that Wichita State's alleged failure to follow its required disciplinary procedures shows that the termination amounted to "racial profiling" and discrimination. (Doc. 40 at 2-5.)

Generally, on a Rule 12(b)(6) motion, a court considers only the facts alleged in the complaint. *See Dobson v. Anderson*, 319 F. App'x 698, 701 (10th Cir.2008). But given Plaintiff's pro se status, the fact that the allegations in his response amplify and are consistent with the allegations in the Amended Complaint, and the liberal pleading standards of Fed. R. Civ. P. 15(a) that would likely allow Plaintiff to add these allegations to the complaint by amendment, the court will consider the allegations in Plaintiff's response for purposes of the instant motion. *See Wanjiku v. Johnson Cty.*, 173 F. Supp.3d 1217, 1235, n.8 (D. Kan. 2016) (court would consider facts alleged in pro se response where they "merely amplify the allegations of the Complaint … [and] do not supplant or contradict them."). *See also Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) (citations omitted) ("it might be appropriate for a court to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they were consistent with the facts and theories advanced in the complaint, [but] a court may not consider allegations or theories that are inconsistent with those pleaded in the complaint"). With the addition of these allegations, the court

concludes that Plaintiff has alleged a claim for racial discrimination under Title VII that is plausible on its face. *Randle v. City of Aurora,* 69 F.3d 441, 454, n.20 (10th Cir. 1995) (procedural irregularities can suggest illegal discrimination when they uniquely disadvantage a minority employee); *Fassbender v. Correct Care Sol., LLC,* 890 F.3d 875, 889 (10th Cir. 2018) ("disturbing procedural irregularities" can satisfy the requirements of a pretext claim, although the mere fact that an employer fails to follow its own internal procedures does not necessarily suggest that it was motivated by discriminatory intent); *Dyer v. Lane,* 564 F. App'x 391, 395 (10th Cir. 2014) ("A plaintiff may show pretext by evidence that the employer acted contrary to a written … policy … when making the adverse employment decision"); *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 21 (2d Cir. 2015) (allegation that employee with disability was not afforded employer's progressive discipline policy helped give "plausible support to a minimal inference of discriminatory motivation" at the pleading stage).Whether Plaintiff has evidence to support the allegations is another matter, but at this stage of the proceedings the court assumes the truth of Plaintiff's well-pleaded allegations, and finds that they are sufficient to allege a plausible claim. The court accordingly denies Wichita State's motion to dismiss Plaintiff's claim of employment discrimination insofar as it alleges that he was unlawfully terminated on account of race. Plaintiff has not alleged or spelled out any facts to support the allegation in his initial complaint that the dismissal was also based on his sex, age, or in retaliation for some protected conduct; Wichita State's motion to dismiss will be granted with respect to any such allegations.

**B. Defamation claim.**

"In Kansas, the tort of defamation includes both libel and slander." *Yeager v. Nat'l Pub. Radio,* No. 18-4019-SAC, 2018 WL 3633894, *4 (D. Kan. July 31, 2018) (citations omitted.) "A valid defamation claim requires proof of: (1) false and defamatory statements; (2) the defendant

communicated these statements to a third party; and (3) the plaintiff's reputation was injured by the statements." *Id.* (citing *El-Ghori v. Grimes*, 23 F. Supp.2d 1259, 1269 (D. Kan. 1998) and *In re Rockhill Pain Specialists, P.A.*, 55 Kan. App.2d 161, 412 P.3d 1008, 1024 (2017)).

Plaintiff's Amended Complaint fails to identify any particular false or defamatory statements, the person who made the statements, or to whom the statements were made. The Amended Complaint alleges little more than that Defendants tarnished Plaintiff's "job history and [character]" by "allowing their thoughts and [opinions to] be [their] reasoning to fire me." Doc. 31 at 1. Plaintiff's response brief is more or less indecipherable insofar as it attempts to describe the asserted defamation claim. *See* Doc. 40 at 6. Plaintiff has failed to allege any facts to plausibly support a claim for defamation and has identified no possible basis for such a claim in his response. Wichita State's motion to dismiss the defamation claim will be granted.

### III. Defendant Lacey Rowe Motion to Dismiss (Doc. 44.)

Plaintiff added Lacey Rowe, who was Plaintiff's co-worker, as a defendant in the Amended Complaint, although the basis of any claims against her are not clear from that pleading. Insofar as Plaintiff may claim that Rowe is liable under Title VII, he has identified no plausible claim against this defendant as individual co-workers are not liable under Title VII. *See Redpath v. City of Overland Park,* 857 F. Supp. 1448, 1456 (D. Kan. 1994). And, for the same reasons indicated above, Plaintiff has alleged no factual basis to show a plausible claim of defamation against Defendant Rowe. Accordingly, her motion to dismiss the claims against her in the Amended Complaint will be granted.

### IV. Plaintiff's Motion for Default Judgment (Doc. 46.)

Plaintiff moves for default judgment, arguing Defendants failed to timely answer the complaint. Defendants filed timely motions to dismiss, however, which constitute "plead[ing] or

6

otherwise defend[ing]" within the meaning of Fed. R. Civ. P. 55(a), such that they are not in default. *See Ashby v. McKenna*, 331 F.3d 1148, 1151-52 (10th Cir. 2003): Fed. R. Civ. P. 12(a)(4) (responsive pleading due 14 days after court denies motion to dismiss).

**IT IS THEREFORE ORDERED** this 16th day of October, 2018, that:

Wichita State's Motion to Dismiss (Doc. 17) the original complaint is DENIED as MOOT;

Wichita State's Motion to Dismiss (Doc. 38) the Amended Complaint is GRANTED IN PART and DENIED IN PART. The motion is DENIED with respect to Plaintiff's claim under Title VII for discrimination based on race; it is GRANTED with respect to all other claims;

Defendant Rowe's Motion to Dismiss (Doc. 44) the Amended Complaint for failure to state a claim is GRANTED; and

Plaintiff's motion for default judgment (Doc. 46) is DENIED.

       ___s/ John W. Broomes_____
       JOHN W. BROOMES
       UNITED STATES DISTRICT JUDGE