# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DARRELL PEOPLES, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 18-cv-1010-JWB-TJJ |
| WICHITA STATE UNIVERSITY, et al., | ) |
|       Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court are Plaintiff's Motion Requesting for Appointed Expert Witnesses Under Rule 26.4 (sic) (ECF No. 61), Plaintiff's Request Sanctions Fed. R. Civ. P. 11 and the Rules that Comply to it (sic) (ECF No. 63), Plaintiff's Motion for Evidentiary Hearing Over Sanctions (ECF No. 64), and Defendant's Motion to Quash (ECF No. 65). For the reasons stated below, Plaintiff's motions are denied, and Defendant's motion is granted.

### I. Procedural History

Pro se Plaintiff Darrell Peoples filed this action on January 8, 2018 alleging employment discrimination against Wichita State University and Lacey Rowe. On October 16, 2018, the Court granted Defendant Rowe's motion to dismiss and dismissed her as a party (ECF No. 50). On January 14, 2019, Plaintiff filed his motion requesting expert witnesses under Rule 26.4. Plaintiff says he is requesting an expert witness so his "defense is validated" and his "allegations will be proven."[1] He also says "ANY civil or criminal case is proven by experts that justify the claims thats (sic) whats (sic) needed since I stay in PRO-se form."[2]

---

[1] ECF No. 61 at 1.

[2] *Id.*

Next, on January 31, 2019, Plaintiff filed his request for sanctions. He says he sent a "certified letter" to Defendant on January 16, 2019 requesting several documents and waited for Defendant's response and "production of documents" but did not receive any within the 14-day time period in accordance with the local rules.[3] Plaintiff says because Defendant "refused to follow the rules," sanctions are appropriate. He also seems to argue that Defendant violated "Rule 26(a)(1), 33, and after inspection and copied (sic) I was going to send the motion of discovery and interrogatories this bad faith situation should follow Rule 36 admissions" and that he wants the Court to "find that Rule 11 has been violated and properly displine (sic) opposing party for there (sic) bad faith and burden."[4] Plaintiff also filed his motion for evidentiary hearing over sanctions on January 31, 2019.

On January 31, 2019, Defendant filed its motion to quash requesting the Court quash a subpoena Plaintiff issued to Defendant. Defendant argues a subpoena is not the proper way to gather documents in discovery, and the documents requested "are far beyond the scope of discovery or are too vague for meaningful compliance."[5]

On February 11, 2019, Plaintiff filed a document titled "Memorandum in Support of Sanctions and Evidentiary Hearing I Object to the Squashing of Them and There Nature." (sic).[6] Plaintiff says if his request for sanctions and evidentiary hearing were "squashed" it would "be a violation of due process the Fifth Amenment (sic)" as well as the 10th and 14th Amendment of Kansas and the United States.[7] He also mentions another case in this court but does not explain

---

[3] ECF No. 63 at 1.

[4] *Id.*

[5] ECF No. 65 at 2.

[6] ECF No. 66.

[7] *Id.*

why or how that case is connected to this case.[8] Defendant filed a response to Plaintiff's three motions on February 22, 2019.[9] However, any response to the motion requesting expert witnesses was due January 28, 2019, and responses to the other two motions were due February 14, 2019.[10] Therefore, the Court does not consider Defendant's response in making its decision.

## II. Plaintiff's Motions

### A. **Plaintiff's motion requesting an appointed expert witness**

Plaintiff says he "is requesting a (sic) expert witness so my defense is validated by my evidence . . ." The title of Plaintiff's motion references Rule 26.4. Although he does not specify the source of Rule 26.4, D. Kan. Rule 26.4 discusses expert witnesses. It says, in relevant part:

> If a judge determines that the appointment of expert witnesses in an action may be desirable, the judge will order the parties to show cause why expert witnesses should not be appointed. After opportunity for hearing, the judge may request nominations and appoint one or more such witnesses. . . . This rule does not limit the parties in calling their own expert witnesses.

Plaintiff appears to request that the Court appoint an expert witness for him. Whether a court should appoint an expert witness is within the court's discretion.[11] The court should consider factors such as "the complexity of the matters to be determined and the Court's need for a neutral, expert view."[12] The *in forma pauperis* statute does not provide for payment of expert

---

[8] *See id.* ("The defendants will not comply to court rules to validate my statements case # 16-cv-2138-DDC-TJJ on there (sic) docket you will view the same way of practice by not allowing a discovery your (sic) saying to the public that rights are not protected."

[9] ECF No. 68.

[10] *See* D. Kan. Rule 6.1(d) ("Unless the court orders otherwise . . . [r]esponses to non-dispositive motions . . . must be filed and served within 14 days.").

[11] *Brown v. Gray*, No. 06-3003-JTM, 2011 WL 6091738, at *6 (D. Kan. Dec. 7, 2011) (internal citations omitted).

[12] *Id.* (internal quotations omitted).

3

witness fees.[13] "Rather, under Fed. R. Evid. 706(c) and D. Kan. Rule 26.4, each party typically splits the costs of a court-appointed expert."[14] But, when a plaintiff is proceeding *in forma pauperis*, "in reality defendants would bear the entire cost of an expert if the court decided to appoint one. Accordingly, the court exercises this power sparingly."[15]

The Court has not previously determined and is not able to determine now that the appointment of expert witnesses in this action is desirable. Plaintiff has not presented any evidence to suggest the same. He simply says he is requesting one. He does not specify what type of expert witness he seeks, why an expert witness is necessary, or why he is unable to find an expert witness on his own. Additionally, an expert appointed by the court "would be for the benefit of the court, the trier of fact, and all parties, and not simply for the benefit of the plaintiff or as a substitute for a retained expert witness under Fed. R. Civ. P. 26(a)(2)."[16] Plaintiff makes no showing that the expert he seeks would be for the benefit of anyone but himself. Accordingly, his motion is denied.

### B. **Plaintiff's motion for sanctions and motion for evidentiary hearing**

Plaintiff seeks sanctions against Defendant because he did not receive a response to a subpoena he issued to Defendant. He requests an evidentiary hearing on this issue. Plaintiff says sanctions are appropriate under Fed. R. Civ. P. 11 because Defendant violated Rule 26(a)(1), Rule 33, and Rule 36. He cites no authority for his request for an evidentiary hearing.

---

[13] *See* 28 U.S.C. § 1915(c); *see also Patel v. U.S.*, 399 Fed. Appx. 355, 359 (10th Cir. 2010) (noting that "the in forma pauperis statute makes no provision for litigation expenses other than the reproduction of the record and transcripts.").

[14] *Miles v. Conrad*, No. 16-3152-EFM, 2018 WL 994705, at *1 (D. Kan. Feb. 21, 2018).

[15] *Id.*

[16] *Id.* at 2.

Although the Court does not consider Defendant's response when making its decision, the response is helpful in providing some factual context because Plaintiff's motions are hard to follow.[17] Plaintiff's motion for sanctions apparently stems from a subpoena Plaintiff sent by certified mail to Defendant, on January 16, 2019, seeking production of documents by January 31, 2019.[18] Plaintiff says Defendant had 14 days to respond to his subpoena, but he had not received a response by January 31, 2019, and therefore he filed his motions. On that same date, Defendant filed its motion to quash the subpoena.

Plaintiff's subpoena is improper. The subpoena requests are vague and overly broad on their face. According to his subpoena, Plaintiff seeks several documents and addresses for more than 20 people. He requests documents regarding "all allegations that have anything to do with this claim" and "all signed documents by Darrell Peoples during the duration of employment."[19] He also requests "all records" regarding another person, apparently a former employee of Defendant.[20] It is not clear why that employee's records would be relevant to this case, and Plaintiff does not provide any explanation.

Additionally, Plaintiff is attempting to obtain documents from a party (Defendant) by using a mechanism (a subpoena) typically used on non-parties. As a result, the Court finds that Plaintiff is requesting sanctions that are neither warranted nor appropriate. Federal Rule of Civil Procedure 45 discusses subpoenas. Although it provides that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order

---

[17] Much of the same information is contained in Defendant's motion to quash, which the Court later discusses in more detail.

[18] *See* ECF No. 63 at 3; ECF No. 62.

[19] ECF No. 63 at 4.

[20] *See* ECF No. 68 at 3; ECF No. 63 at 4 ("All records of Matthew Johnston and his position and why he was dismissed from his job.").

related to it," it does not provide for sanctions.[21] Plaintiff cannot receive sanctions pursuant to Rule 45 for Defendant's failure to respond to the subpoena. Furthermore, under the applicable Federal Rules of Civil Procedure, Defendant would have been allowed 30 days (not 14 days as Plaintiff contends) after service of Plaintiff's document requests "to produce and permit [Plaintiff] or [his] representative to inspect, copy, test, or sample" responsive documents.[22] Moreover, Defendant timely filed its motion to quash the subpoena on January 31, 2019. Plaintiff's motion for sanctions is, therefore, inappropriate on multiple bases, including specifically in relation to Rule 45.[23]

Plaintiff has also failed to comply with the requirements for obtaining sanctions under Rule 11. A court may award sanctions only "after notice and a reasonable opportunity to respond."[24] A motion for sanctions under Rule 11 "must describe the specific conduct that allegedly violates Rule 11(b)" and must be served on the opposing party 21 days before it is filed, thus giving the opposing party an opportunity to correct the issue.[25] Plaintiff has not done so. For all of these reasons, Plaintiff's motion for sanctions is denied. As a result, his motion for an evidentiary hearing is also denied.

### III.   Defendant's motion to quash

Defendant seeks to quash Plaintiff's subpoena that is the subject of his motion for sanctions. Defendant says the subpoena is not the proper way to gather documents in discovery,

---

[21] Fed. R. Civ. P. 45(g).

[22] Fed. R. Civ. P. 26, 34(a)(1), and 34(b)(2)(A).

[23] *See N.L.R.B. v. Midwest Heating & Air Conditioning, Inc.*, 528 F. Supp. 2d 1172, 1181 (D. Kan. 2007) ("Thus, sanctions are appropriate under Rule 45 only if a nonparty is declared in contempt on the basis of its failure to comply with subpoena.).

[24] Fed. R. Civ. P. 11(c)(1).

[25] Fed. R. Civ. P. 11(c)(2).

and the requested documents go beyond the scope of discovery and are "too vague for meaningful compliance."[26] Plaintiff did not respond to Defendant's motion but did file a memorandum in support of his motion for sanctions and evidentiary hearing.[27] In that document, Plaintiff says he objects "to squashing of my request for sanctions and the request of evidentiary hearing."[28]

Plaintiff served his subpoena on January 17, 2019.[29] The subpoena directed Defendant to produce the requested documents by January 31, 2019. As previously discussed, the subpoena requested nine categories of documents, none narrowed in time or scope, and information on more than 20 people. Many of the categories are overly broad and vague on their face. Defendant also contends the subpoena fails to allow reasonable time for compliance and may seek privileged or other protected documents.

Rule 45(d)(1) says a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." A court may quash a subpoena that fails to allow a reasonable time to comply, requires disclosure of privileged or other protected matter, or subjects a person to undue burden.[30] Here, the Court finds Plaintiff's subpoena creates an undue burden on Defendant by failing to give Defendant a reasonable amount of time to respond. If Plaintiff were to request documents via the normal discovery procedure, Defendant would have 30 days to respond. Here, Defendant was given less than half that amount of time to produce a wide array of documents. Defendant contends many of the

---

[26] ECF No. 65 at 2.

[27] ECF No. 66.

[28] *Id.* at 1.

[29] *See* ECF No. 62 at 3 (showing the certified mail return receipt date of delivery as January 17, 2019).

[30] Fed. R. Civ. P. 45(d)(3).

requested documents are also privileged. Plaintiff is encouraged to review the federal and local rules going forward in this case. Although Plaintiff proceeds pro se, he is still required to comply with the fundamental rules of civil procedure.[31] Defendant's motion to quash is therefore granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion Requesting for Appointed Expert Witnesses Under Rule 26.4 (sic) (ECF No. 61) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Request Sanctions Fed. R. Civ. P. 11 and the Rules that Comply to it (sic) (ECF No. 63) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Evidentiary Hearing Over Sanctions (ECF No. 64) is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Quash (ECF No. 65) is granted.

**IT IS SO ORDERED.**

Dated March 25, 2019, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[31] *See McKenzie v. Citibank (South Dakota), NA*, No. 08-02510-JAR, 2009 WL 4891890, at *3 (D. Kan. Dec. 8, 2009) (citing *Hammad v. Bombardier Learjet, Inc.*, 192 F. Supp. 2d 1222, 1229 (D. Kan. 2002)).