# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DARRELL PEOPLES, )
           Plaintiff, )
v. )
           ) Case No. 18-cv-1010-JWB-TJJ
WICHITA STATE UNIVERSITY, et al., )
           Defendants. )

## **MEMORANDUM AND ORDER**

Before the Court are Plaintiff's Motion to Compell (sic) Discovery (ECF No. 71), Defendant's Motion to Quash (ECF No. 72), Plaintiff's Motion for Extension of Time to So That the Discovery is Complete (sic) (ECF No. 73), and Plaintiff's Motion to Request Production of Documents (ECF No. 74). For the reasons discussed below, each motion is granted in part and denied in part.

### I.    **Procedural History[1]**

Pro se Plaintiff Darrell Peoples filed this action on January 8, 2018 alleging employment discrimination against Wichita State University and Lacey Rowe. On October 16, 2018, the Court granted Defendant Rowe's motion to dismiss and dismissed her as a party (ECF No. 50). Plaintiff has made attempts to gather discovery from Defendant through subpoenas mailed to defense counsel. The Court's March 25, 2019 order ruled that the subpoena Plaintiff mailed to Defendant's counsel on January 16, 2019 was improper, granted Defendant's motion to quash the subpoena, and encouraged Plaintiff to review the federal and local rules regarding discovery.[2]

---

[1] The general procedural history of this case is more thoroughly discussed in the Court's March 25, 2019 Memorandum and Order (ECF No. 70).

[2] ECF No. 70 at 7–8.

However, before that order was filed, on March 11, 2019, Plaintiff submitted another subpoena to defense counsel, attaching a request for production of documents with a deadline to respond of March 31, 2019 at 1 p.m.[3] On March 25, 2019, the same day the Court's previous order was filed and six days before the deadline included in Plaintiff's subpoena, Plaintiff filed his motion to compel, stating Defendant failed to properly respond to the request by subpoena to produce documents.[4] Defendant filed its motion to quash on March 29, 2019. Plaintiff then, on April 3, 2019, requested an extension of time of 30 days to complete discovery to give Defendant time to comply with Plaintiff's request for production of documents.[5] That same day, Plaintiff filed his request for production of documents, listing eight categories of information.[6]

Defendant argues again in its motion to quash that Plaintiff's subpoena should be quashed because it failed to provide sufficient time to comply and because using a subpoena is not appropriate to gather discovery from a party. It also argues Plaintiff's subsequent motions should be denied because service of discovery requests through the ECF system is also improper, the discovery requests are overbroad, and because Plaintiff's discovery requests are improper, it would be futile to extend the discovery deadline.[7]

## II. Analysis

Plaintiff's motion to compel was filed before the time for compliance provided in the subpoena had passed. Additionally, it failed to provide Defendant sufficient time to comply, pursuant to Fed. R. Civ. P. 45(d)(1), which states a party issuing a subpoena "must take

---

[3] ECF No. 72-1.

[4] ECF No. 71 at 1.

[5] ECF No. 73.

[6] ECF No. 74.

[7] ECF No. 77.

reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." A court may quash a subpoena that fails to allow a reasonable time to comply, requires disclosure of privileged or other protected matter, or subjects a person to undue burden.[8] For the same reasons discussed in the Court's March 25, 2019 order, the Court finds the subpoena is improper and creates an undue burden on Defendant.

However, defense counsel graciously indicated in the motion to quash that Plaintiff requests his personnel file, which would generally be an appropriate discovery request.[9] The Court agrees that the personnel file request is appropriate given Plaintiff's claims in this case. Further, counsel offered to produce the discoverable documents from Plaintiff's personnel file if ordered to do so. The Court therefore denies Defendant's motion to quash as to production of the personnel file but otherwise grants Defendant's motion, and grants Plaintiff's motion to compel as to production of the personnel file but otherwise denies Plaintiff's motion.

Defendant also graciously indicated in its response to Plaintiff's request for production of documents that Plaintiff appeared to request the Title IX complaint filed against him, which would also be an appropriate discovery request if timely and properly asked for.[10] The Court finds given Plaintiff's pro se status that Defendant should produce both Plaintiff's personnel file and the Title IX complaint, despite the impropriety of Plaintiff's requests.

Because discovery closed April 15, 2019, before the deadline for responses and replies to these motions, the Court will grant Plaintiff's motion for extension of time in part and extend the discovery deadline two weeks, to May 17, 2019, solely for purposes of allowing Defendant to produce Plaintiff's personnel file and the Title IX complaint by that deadline. The discovery

---

[8] Fed. R. Civ. P. 45(d)(3).

[9] ECF No. 72 at 3 n.1.

[10] ECF No. 77 at 4. The Court commends Defendant's counsel for her candor to the Court and Defendant.

deadline is not extended for any other purpose, and no further discovery requests will be allowed. Defendant shall produce only Plaintiff's personnel file and the Title IX complaint itself. Defendant's motion for production of documents is otherwise denied.

Because of the extension of the discovery deadline, the Court also extends the deadline for submission of the proposed pretrial order to May 23, 2019, and the pretrial conference is rescheduled to May 29, 2019 at 1:00 p.m. However, if either party has a conflict with the pretrial conference on this date, they may contact chambers immediately to reschedule. The dispositive motions deadline is extended to June 17, 2019. Trial will be set at the pretrial conference.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Compell (sic) Discovery (ECF No. 71) is granted in part and denied in part as discussed herein. The motion is granted as to production of Plaintiff's personnel file and is otherwise denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Quash (ECF No. 72) is granted in part and denied in part as discussed herein. Defendant shall produce Plaintiff's personnel file. The motion is otherwise granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to So That the Discovery is Complete (sic) (ECF No. 73) is granted in part and denied in part as discussed herein. Discovery is extended to May 17, 2019 for the limited purpose of production of Plaintiff's personnel file and the Title IX complaint only.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Request Production of Documents (ECF No. 74) is granted in part and denied in part as discussed herein. Defendant shall produce the Title IX complaint itself only. The motion is otherwise denied.

**IT IS FURTHER ORDERED** that the scheduling order dates and deadlines are amended insofar as set out herein.

**IT IS SO ORDERED.**

Dated May 3, 2019, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge